# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RODNEY BOWMAN,<br><br>        Plaintiff,<br>v.<br><br>CPT. MARK NEUMANN, SHERIFF GRADY HARTMAN, and LT. KEITH FABIANSKI,<br><br>        Defendants. | Case No. 19-CV-538-JPS<br><br><br>**ORDER** |

  Plaintiff Rodney Bowman, who is confined at the Kettle Moraine Correctional Institution, filed a *pro se* civil rights case under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights when he was confined at the Oneida County Jail (the "Jail"). This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint. This case was previously assigned to Magistrate Judge David E. Jones. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a district judge for entry of this order dismissing the case.

**1.  Motion for Leave to Proceed without Prepaying the Filing Fee**

  The Prison Litigation Reform Act applies to this case because Plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that Plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once Plaintiff pays the initial

partial filing fee, the Court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 2, 2019, Magistrate Judge Jones ordered Plaintiff to pay an initial partial filing fee of $12.66. (Docket #7). Plaintiff paid that fee on May 16, 2019. Therefore, the Court will grant his motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.    **Screening the Complaint**

    2.1    **Federal Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also*

*Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**2.2  Allegations in the Complaint**

Plaintiff was confined at the Jail when he filed the complaint. (Docket #1 at 1). On May 28, 2019, he notified the Court that he had been transferred to the Kettle Moraine Correctional Institution. (Docket #8).

Plaintiff is a state prisoner who was temporarily housed at the Jail. (Docket #1 at 3, 4). He "questions the safety standards of facility procedures and operations" at the Jail. *Id.* at 3. According to Plaintiff, the east cell/unit bed structures are missing ladders and cross bars to prevent inmates from accidental injury. Prisoners assigned to upper bunks in the east cell/unit use the toilet or sink to climb up to upper bunk. Alternatively, inmates sleep on the floor to avoid potential injury. Inmates experience these hazardous conditions and have had injuries due to the inadequate assembly of bunk beds. Recently, Plaintiff witnessed an inmate fall from an upper bed. The inmate severely injured his left leg and knee, and he was transported to the emergency room.

Plaintiff states that the Jail's "housing, feeding, and equipment usage used by state/county inmates for safety and prevention of overall facility cell/units" should be upgraded. *Id.* at 5. He brings this case seeking "investigation and inspection for operation review." *Id.* For relief, Plaintiff seeks an injunction ordering an investigation of the Jail's housing conditions and enforcement of an order to correct hazardous conditions and prevent use of out-of-date equipment.

**2.3  Analysis**

Plaintiff's concerns with the safety of the Jail facilities do not state any viable claims for relief. As an initial matter, Plaintiff is no longer confined at the Jail and there is no indication that he is likely to be confined there again in the future. Thus, his claim for injunctive relief is moot. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011); *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009). Plaintiff seeks only injunctive relief (other than costs), so his claim is moot because he has been transferred from the Jail.

Moreover, to the extent that another inmate was injured when he fell from the upper bed, Plaintiff lacks standing to assert the rights of other prisoners and may only challenge violations of his own rights. As such, he may not proceed on a claim based on the violation of other inmates' rights. *See Lewis v. Casey*, 518 U.S. 343, 349–50 (1996); *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999); *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) ("Precedent dictates that a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violation of his own constitutional rights and, absent a request for class certification, lacks standing to assert the constitutional rights of other prisoners.").

Finally, even if Plaintiff were currently housed at the Jail, his desire for certain safety measures is not serious enough to constitute an unconstitutional condition of confinement. Plaintiff does not state that he has any particular medical condition which would inhibit his ability to get in and out of an upper bunk. As noted by another judge in this District, "[c]ourts have uniformly held that the lack of a ladder to reach an upper bunk does not pose a serious risk of harm" sufficient to implicate constitutional concerns. *Blue v. Baenen*, No. 13-CV-1439-RTR, 2016 WL

8711729, at *9 (E.D. Wis. May 20, 2016) (collecting cases). The same is true for a lack of bed rails. *Benjamin v. Foster*, No. 19-CV-253-JPS, 2019 WL 1412604, at *2 (E.D. Wis. Mar. 28, 2019).

### 3. Conclusion

In light of the foregoing, Plaintiff fails to state any claims upon which relief may be granted. The Court must, therefore, dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge